IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAVIN E. BURTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-12-566-M |
| v. | ) |
| | ) |
| BRUCE HOWARD, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges in the Petition that he was denied due process rights in connection with an institutional disciplinary proceeding. He names as Respondents Warden Bruce Howard, the Oklahoma Department of Corrections, and the Oklahoma County District Court. Petitioner also asserts that he was denied his constitutionally-protected right of access to the courts. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be transferred to the United States District Court for the Eastern District of Oklahoma.

"A petition under . . . § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). At the time he filed his Petition, Petitioner was confined at the

McLeod Correctional Center located in Atoka, Oklahoma. This facility is located within the jurisdictional confines of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Thus, Petitioner's custodian at that facility, Warden Howard, is outside the territorial jurisdiction of the Western District of Oklahoma. See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-495 (1973)(proper habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian"). Warden Howard is the only proper respondent in this §2241 proceeding. See Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995)("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."). Thus, this Court lacks jurisdiction to review the merits of Petitioner's § 2241 claims.

Pursuant to 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction," it must transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed" when such a transfer "is in the interest of justice." "[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000)(internal quotation marks and citation omitted).

Petitioner is challenging the finding of guilt entered in a disciplinary proceeding in October 2011 in which Petitioner was found guilty of the misconduct offense of possession of contraband. He alleges that there was insufficient evidence to support this finding of guilt and that 365 days of his earned credits, among other penalties, were forfeited as punishment

for the misconduct offense.

Petitioner has a liberty interest in the earned credits which were removed in the disciplinary proceeding he challenges herein. It is well-established that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991)(quoting Ponte v. Real, 471 U.S. 491, 495 (1985)).  Because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights afforded to defendants in criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1984).  The revocation of earned credits must also be supported by "some evidence" in the record in order to comport with due process in these circumstances. Id.  A review of institutional disciplinary proceedings based on this standard does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." Id. at 455.  Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456.  Thus, this Court's

review of Petitioner's institutional disciplinary proceeding is "limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

Petitioner has attached to the Petition a copy of an Incident Report completed by a correctional official and dated September 23, 2011, in which the officer, Mr. Clayton, stated that he had discovered contraband consisting of a "package contain[ing] 2 rolled cigarette looking items" and "4 more same rolled cigarette looking items" which "smelled like incense" on Petitioner's person. Petition, attachment labeled 24. Mr. Clayton further stated on the Incident Report that Petitioner admitted he had been given the package by another inmate to sell. Id. An investigator completed a Review of Evidence form dated October 4, 2011, in which the investigator stated that the evidence supporting the misconduct charge against Petitioner included the Incident Report and "one small package of Godfather potpourri which is also known as K-2." Petition, attachment labeled 26. Petitioner admits in his Petition that Mr. Clayton's Incident Report and this evidence was the evidence relied upon by the disciplinary officer in the disciplinary hearing to support the finding of guilt. Petition, at 3-4. Although Petitioner asserts that he denied making the statement to Mr. Clayton and that the "the alleged confiscated empty package and 6 cigarettes vanished" and were not produced at the disciplinary proceeding, the Incident Report provides "some evidence" to support the finding of guilt in the disciplinary proceeding.

"A prisoner's right to access documentary evidence in a disciplinary setting is

circumscribed by the need to determine 'the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.'" Bogue v. Vaughn, 439 Fed.Appx. 700, 705, 2011 WL 3873812, *3 (10th Cir. Sept. 2, 2011)(unpublished order)(quoting Wolff v. McDonnell, 418 U.S. 539, 560 (1974)). "The right can be exercised as long as doing so 'will not be unduly hazardous to institutional safety or correctional goals.'" Id. (quoting Wolff, 418 U.S. at 566). Petitioner's interest in obtaining the evidence must be balanced against the State's need to efficiently and effectively administer inmate discipline. Id. The "relevant question is whether there is any evidence in the record that could support" the disciplinary finding. Hill, 472 U.S. at 455-456. The finding must only be supported by "some basis in fact," and even if it "might be characterized as meager" the record is sufficient if it "is not so devoid of evidence that the findings . . . were without support or otherwise arbitrary." Id. at 456-457. In this case, the disciplinary finding was supported by "some evidence" in the form of the correctional officer's statements on the Incident Report concerning the contraband he discovered on Plaintiff's person. Plaintiff's remaining claim of a denial of access to the courts is not properly presented in a 28 U.S.C. § 2241 action.

Moreover, it appears from the face of the Petition that Petitioner has failed to satisfy the exhaustion requirement. See Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005)("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies."), cert. denied, 549 U.S. 943 (2006). Oklahoma has a statutory remedy affording judicial reivew of prison disciplinary proceedings that involve the revocation of earned

credits, Okla. Stat. tit. 57, § 564.1, and Petitioner states that he has not exhausted this remedy, although he asserts that state officials obstructed his ability to do so. The statute contains a time limitation and requires inmates to petition state courts for review within 90 days after the inmate is notified of the Oklahoma Department of Corrections' final administrative decision. Plaintiff admits that he was merely directed by the Oklahoma County District Court to provide notice of his petition after he was denied leave to proceed *in forma pauperis* with respect to his petition for judicial review. The face of the Petition reflects that Petitioner defaulted his state court remedy, and he has not provided sufficient reasons to excuse his procedural default. Additionally the time has expired for Petitioner to now seek judicial review of the final decision of the Oklahoma Department of Corrections, which he states was entered on January 4, 2012. For all of these reasons, it is not in the interest of justice to transfer the matter to the Eastern District of Oklahoma.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ July 5th _____ , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d

1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___14th___ day of __June__, 2012.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE